Matter of Bruscino v Verizon, N.Y. (2019 NY Slip Op 09080)





Matter of Bruscino v Verizon, N.Y.


2019 NY Slip Op 09080


Decided on December 19, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 19, 2019

529445

[*1]In the Matter of the Claim of Michael Bruscino, Appellant,
v
Verizon, New York, et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date: November 21, 2019

Before: Garry, P.J., Egan Jr., Lynch and Devine, JJ.


Fine, Olin & Anderman, LLP, New York City (Vincent Rossillo of counsel), for appellant.
Foley, Smit, O'Boyle & Weisman, Hauppauge (Theresa E. Wolinski of counsel), for Verizon, New York and another, respondents.



Garry, P.J.
Appeal from a decision of the Workers' Compensation Board, filed December 12, 2018, which ruled, among other things, that claimant failed to comply with 12 NYCRR 300.13 (b) (4) (v) and denied review of a decision by the Workers' Compensation Law Judge.
In 2010, claimant, a field technician, sustained a work-related injury to his lower back when he fell while lifting and moving a computer. His subsequent claim for workers' compensation benefits was established for an injury to his back and, following a hearing, he was ultimately classified as having a permanent partial disability in 2012. In April 2018, the employer and its workers' compensation carrier (hereinafter collectively referred to as the employer) filed an RFA-2 form requesting a hearing to address the outstanding issue of claimant's loss of wage-earning capacity, which was not determined at the time that he was classified as having a permanent partial disability. A hearing ensued, at the conclusion of which a Workers' Compensation Law Judge (hereinafter the WCLJ) made both oral and written findings that, among other things, claimant sustained a 65% loss of wage-earning capacity and that the cap on benefits began to run on February 13, 2012, when claimant was classified as having a permanent partial disability. Following issuance of the WCLJ's written decision, the employer filed an application with the Workers' Compensation Board seeking review of the WCLJ's decision (form RB-89). The Board denied the application, finding that the employer failed to indicate an exception or objection on the record at the hearing to the WCLJ's ruling regarding when the cap on benefits began to run and, furthermore, that the employer's application for Board review was defective because it was not properly filled out pursuant to 12 NYCRR 300.13 (b) (1). Claimant appeals.
We affirm. Under the Board's regulations, "the application for administrative review . . . shall specify the issues and grounds for the appeal" (12 NYCRR 300.13 [b] [2] [i]) and "shall specify the objection or exception that was interposed to the [WCLJ's] ruling, and when the objection or exception was interposed" (12 NYCRR 300.13 [b] [2] [ii]). "Consistent with these requirements, the Board may deny an application for review 'where the appellant did not interpose a specific objection or exception to a ruling or award by a [WCLJ]'" at the hearing (Matter of Markolovic v MTA Bus Eastchester Depot, 174 AD3d 1271, 1272 [2019], quoting 12 NYCRR 300.13 [b] [4] [v]; see Matter of Sweeney v Air Stream A.C. Co., 167 AD3d 1222, 1222-1223 [2018], lv denied 33 NY3d 903 [2019]).
Our review of the record indicates that, at the conclusion of the August 2018 hearing, the WCLJ made certain oral findings, which included his determination that the durational cap on the award of benefits began to run as of February 13, 2012, the date on which claimant was classified with a permanent partial disability. After making additional oral findings regarding the severity ranking of claimant's impairment and his loss of wage-earning capacity, the WCLJ stated that he was not going to further address the issue of awards because he believed that the cap on awards began to run when claimant was classified. At that point, the employer asked the WCLJ to note its exception to the WCLJ's findings on impairment and loss of wage-earning capacity. Claimant's attorney, however, failed to interpose any exception or make any objection and, based upon the WCLJ's ruling regarding the cap, conceded that claimant's awards would "run out" in "about 2019." Nothing further was offered by claimant's attorney, and the matter was concluded. Under these circumstances, we cannot say that the Board abused its discretion in declining to review the WCLJ's decision based upon claimant's failure to, as required, interpose a specific objection or exception at the hearing to the WCLJ's ruling regarding the point in time when the durational cap on benefits began to run (see 12 NYCRR 300.13 [b] [4] [v]; Matter of Markolovic v MTA Bus Eastchester Depot, 174 AD3d at 1273; Matter of Sweeney v Air Stream A.C. Co., 167 AD3d at 1223). Claimant's remaining arguments are unnecessary to address in light of our decision.
Egan Jr., Lynch and Devine, JJ., concur.
ORDERED that the decision is affirmed, without costs.